UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROLINDA J. GARCIA,

    **Plaintiff,**                                           CASE NO. 8:21-cv-00894

v.                                                   **JURY TRIAL DEMANDED**

THE CBE GROUP, INC.,

    **Defendant.**

_____/

## COMPLAINT

NOW comes ROLINDA J. GARCIA ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of THE CBE GROUP, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.,* and the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statute §559.55 for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Middle District of Florida a subtotal portion of the events that gave rise to this action occurred within the Middle District of Florida.

1

### PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Lake Wales, Florida, which lies within the Middle District of Florida.

5. Defendant claims that it has, "been serving hundreds of creditors, universities and federal government clients, including Internal Revenue Service (IRS)."[1] Defendant is a corporation engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers in the state of Florida. Defendant is a corporation organized under the laws of the state of Iowa with its principal place of business located at 1309 Technology Pkwy, Cedar Falls, Iowa 50613.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon an outstanding debt ("subject debt") that Plaintiff allegedly owed to Verizon Wireless.

8. Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was charged off and turned over to Defendant for collection purposes.

9. Around early 2021, Plaintiff began receiving calls to her cellular phone, (863) XXX-5050, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -5050. Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] http://www.cbegroup.com/

11. Defendant has used a variety of numbers when placing calls to Plaintiff's cellular phone, including but not limited to (813) 212-0162, (813) 212-0096, but upon belief, Defendant has used other phone numbers as well.

12. Upon information and belief, the above aforementioned phone numbers are regularly utilized by Defendant during its debt collection activity.

13. Plaintiff, through her contacts with Defendant, was informed that Defendant was attempting to collect upon the subject debt.

14. Upon speaking to Defendant, Plaintiff requested that Defendant cease contacting her cellular phone on multiple occasions.

15. Subsequently, as Defendant's harassing collection campaign continued, Plaintiff provided Defendant her attorney information and demanded that Defendant cease calling her cellular phone and to contact her attorney.

16. Defendant willfully ignored Plaintiff's pleas and continued placing phone calls to Plaintiff's cellular phone seeking payment on the subject debt.

17. In addition, during one subsequent conversation, Plaintiff asked Defendant who they were and why they were calling.

18. In response, Defendant stated that it was a "multi-purpose business" that "handles different clients," while failing to disclose to Plaintiff that it was acting as a debt collector.

19. Within that same phone call, Defendant stated that the phone calls to Plaintiff's cellular phone were the result of Defendant's utilization of an "automatic dialer" and that, as a result of their use of the automatic dialer, Defendant had no control over the calls it was placing to Plaintiff.

20. Despite Plaintiff's efforts, Defendant has continued to regularly call her cellular phone up until the filing of this lawsuit.

21. Plaintiff has received dozens of phone calls from Defendant since asking it to stop calling.

22. Frustrated over Defendant's conduct, Plaintiff spoke with her undersigned attorney regarding her rights, resulting in exhausting time and resources.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress stemming from the persistent contacts, risk of harm stemming from Defendant's failure to disclose vital information to Plaintiff, increased risk of personal injury resulting from the distraction caused by the repeated calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

27. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

28. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 1950.[2]

29. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692c(a)(1), c(a)(2) and §1692d**

30. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

31. Defendant violated §1692c(a)(1), c(a)(2), d, and d(5) when it repeatedly called Plaintiff after being notified to stop and provided with Plaintiff's attorney information.  Defendant knowingly, systematically called Plaintiff numerous times after she demanded that it stop calling and provided Defendant with her attorney's information.  This repeated behavior of systematically calling Plaintiff's cellular phone in spite of Plaintiff's demands was harassing and abusive.  The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

32. Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

    b. **Violations of FDCPA § 1692e**

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, of legal status of any debt." 15 U.S.C. § 1692e(2)(A);
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10); and,
>
> "The failure to disclose . . . in subsequent communications that the communication is from a debt collector." 15 U.S.C. §1692e(11).

35. Defendant violated §§ 1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting her and had provided Defendant her attorney's information, Defendant continued to contact Plaintiff. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment.

36. In addition, Defendant violated §§ 1692e, e(2)(A), e(10), and e(11) when it failed to disclose that the communication was from a debt collector in a subsequent communication with Plaintiff. Defendant obfuscated its role in connection with the subject debt in order to avoid Plaintiff attaching the stigma upon Defendant that would have come about had Defendant clarified that it was a debt collector.

37. Defendant further violated §§ 1692e, e(2)(A), and e(10) when it deceptively informed Plaintiff that it was a "multi-purpose business." Contrary to Defendant's representations, it is in fact a debt collector and a business whose principal purpose is the collection of debts. Defendant not only failed to disclose itself as a debt collector, but saw fit to hold itself out as something else entirely, all in an effort to obfuscate its status in relation to the subject debt, hoping such lack of clarity would compel Plaintiff's payment on the subject debt.

38. Additionally, defendant violated §§ 1692e and e(10) when it deceptively informed Plaintiff that it had no control over the phone calls. Such deceptive and misleading representation was done in an effort to compel Plaintiff to pay the subject debt as the only means available to go about stopping Defendant's phone calls.

### c. Violations of FDCPA § 1692f

39. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

40. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff numerous times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

41. Defendant further violated § 1692f when it unfairly obfuscated its status as a debt collector in its conversations with Plaintiff.

42. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, ROLINDA J. GARCIA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

43. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

44. Plaintiff is a "consumer" as defined by Florida Statutes §559.55(8).

45. Defendant is a "debt collector" as defined by Florida Statutes §559.55(7).

46. The subject consumer debt is a "consumer debt" as defined under Florida Statute § 559.55(6).

    a. **Violations of FCCPA § 559.72(7)**

47. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

48. Defendant violated section 559.72(7) of the FCCPA when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff multiple times, in short succession, after she demanded that it stop calling and provided Defendant with her attorney information. This repeated behavior of systematically calling Plaintiff's cellular phone in spite of Plaintiff's demands was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

49. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

WHEREFORE, Plaintiff, ROLINDA J. GARCIA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;
b. Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;
c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;
d. Award Plaintiff equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);
e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;
f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and
g. Award any other relief this Honorable Court deems equitable and just.

Dated: April 14, 2020

Respectfully Submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com